## COMMONWEALTH *vs.* RICHARD W. SHATTUCK.

An indictment on *St.* 1855, *c.* 405, § 1, for keeping a building used for the illegal sale of intoxicating liquors, is supported by proof that the defendant occupied the whole building, and used part of it for the purposes alleged.

INDICTMENT for keeping and maintaining "a certain building" (described) as a nuisance, in violation of *St.* 1855, *c.* 405, § 1.

At the trial in the court of common pleas in Worcester, at January term 1859, it was proved that the building described in the indictment was a one and a half story building; and that the defendant occupied the whole of the building, and used two rooms on the first floor for the sale of intoxicating liquor. But there was no evidence that the defendant used any portion of the second floor, except as a dressing room.

The defendant contended that the government must prove that the whole building was used for some one of the purposes named in the indictment. But *Morris*, J. instructed the jury "that, as the defendant was shown to have occupied the whole building, if any portion of the building was used for the purposes stated in the indictment, it would be sufficient." The defendant, being found guilty, alleged exceptions.

*G. F. Verry*, for the defendant.

*S. H. Phillips*, (Attorney General,) for the Commonwealth.

HOAR, J. The *St.* of 1855, *c.* 405, § 1, declares "all buildings, places or tenements, used for the illegal sale or keeping of intoxicating liquors," to be common nuisances. The defendant kept and occupied the whole building described in the indictment, but used only two rooms in it for the sale of intoxicating liquors. The court was asked to rule that the government must prove that the whole building was used for the illegal purpose charged. But the defendant kept the whole building, and used such part of it as he pleased for his illegal employment. It has been decided, in *Commonwealth* v. *McCaughey*, Bristol, 1857, where a defendant occupied but one tenement in a building, the rest of the building being held by other tenants, that it was incorrect, and a variance, to charge him in the indictment

with keeping the whole building; and that the word tenement in the statute was introduced as descriptive of such an occupation. But it was there intimated that the case would be different if the whole building were occupied by the defendant; and in *Commonwealth* v. *Godley*, Bristol, 1858, it was held, that a defendant was rightly convicted under an indictment charging him with keeping and maintaining a tenement used for the unlawful keeping and sale of intoxicating liquors, where the proof was that the lower rooms of his house were used for that purpose and the upper story for lodging rooms for his family and boarders. A similar decision was made in *Commonwealth* v. *Ames*, 13 Gray, 26.

It is therefore clear that under an indictment for keeping a building as a nuisance contrary to the statute above cited, it is sufficient to show that the defendant kept the whole building described, and used some part of it for the illegal purpose, without proof that the whole of it was so used. If the description had been of a single room, it would have been open to the same objection, as it would be impossible to show that every corner and fraction of its area was actually employed in the illegal traffic. It is sufficient if the defendant's building or tenement be correctly described, and the nuisance proved to be maintained within it.                                              *Exceptions overruled*